There are two issues before the court on this case, and I would, unless you have questions, I'm going to address both of them. The first is, was the district court required to have subject matter jurisdiction over the plaintiff's claims to be able to approve the conditional settlement agreement? And the second question is, did the plaintiff in fact have standing and an injury in fact is as required by the Spokane? So on the first issue of whether or not the district court was required to have subject matter jurisdiction over the plaintiff's claim in order to be able to prove that conditional settlement agreement, we assert that respectfully it was. Now the district court said that it did not need to decide whether or not the plaintiff had standing to bring her is a conditional settlement agreement that the parties approved, that the parties agreed to, and therefore that confers subject matter jurisdiction for me. And so respectfully, the district court concluded that the parties conferred subject matter jurisdiction on the district court, which we assert is an But we assert that Earhart doesn't stand for that. The black letter law is that the parties can't confer subject matter jurisdiction on the court. Can't say we just decided to agree and therefore we would ask the court to overlook the other, the standing requirement. Earhart was a situation where the parties, the plaintiff had standing at the time the parties entered a So the Fifth Circuit and Earhart said we have jurisdiction because we at the time the settlement agreement was entered there was subject matter jurisdiction. Here the opposite is true. There was never standing under this case as clarified and required by the Spokio decision. This case we cited Groshek because it seems to be the Seventh Circuit decisions are popular today. We cited the same law, the same facts. Groshek was actually further along in the process when Spokio was issued and the Seventh Circuit affirmed the lower court's dismissal of a class action, Fair Credit Reporting Act class action conditional settlement because the court concluded that under Spokio there was no injury in fact. Would there have been standing at the time this case was filed? No, there was not. Now you might say well then why did you remove it? It's still a federal claim and so we have the defendant has a right to remove it under the federal question and then Spokio clarified but did not change the law in standing just clarified and said these are always the standing requirement. So our position that there was never an injury in fact sufficient. What if the settlement had been approved and then Spokio was decided? Could you come back and undo it then? Yes, that's exactly what happened in Groshek because there's a conditional approval and then there's an entire process under the class action rules which requires the court's continuing actions to and requires additional actions by the district court and once it was determined there was no standing then the court is not authorized to enter. What what if a and the money's paid? The Arbaugh case suggests that that that that could that that subject matter jurisdiction needs to be maintained throughout the life of the case but if the money's had been paid and there's no there's no vehicle and I don't think that would have been an issue. You'll concede that's too late. Because that would require right now every case that had been decided pre somehow overturned. The money's been paid. I don't know how that would pass. Counsel did Spokio really change the law or was it just a reminder? It did not it did not change the law. Spokio itself made that clear. Spokio said repeatedly in the decision that we are just clarifying the standards that have been exist in existence from day one. That Congress can create technical can have a statute which says there are violations but we as courts are constrained unless the plaintiff also has standing by way of an injury in fact. And so and that that's been an issue that's been argued by the parties and we respectfully think that that there's been a concession that the law has changed and the law hasn't changed it's just been clarified. The district court never made a ruling on whether the plaintiff had standing on either one of the theories of her claim right? That's correct. The court said she did not need to the district court said it didn't need to make that determination because the court said I have a I have a settlement agreement so it's a it's a contract that confers jurisdiction on. And so did not address and it had been attacked both facially and factually in front of the court. The court just said I don't need to address it at all. So you're asking us to do that for the first time? We'd be the first to make that determination. Yes and I believe because there is no injury I mean this this case lines up that's the second part but it lines up directly with your decision in the Breitenberg case. It there's just there's there's no injury to be found. Well what about what about the adverse action subclass? The the the idea that if you don't get notice regarding the the report that they've run on you and you don't have an opportunity to even respond to what it is that they're basing their non-hiring decision on. Isn't that an injury? No and I would say that that was addressed by Spokio for for this and in this particular case the plaintiff the information is true. Well true or not I think there is there's context there's explanation there's an ability to sort of go back and forth and even if it is true is that standing or is that just whether there's any sort of damage or a claim? Well aren't you getting to the merits to determine standing? And I know that you're not supposed to get to the merits to determine standing but Spokio said okay just because there's this technical breach of the FCRA, the Fair Credit Reporting Act, the plaintiff's burden is to show okay where's your injury and in the particular case the disclosure I've been someone's ordered a a consumed a criminal background check report on me the FCRA would say you have to tell them that it's been ordered you have to give them a copy and you have to give them 70. So in in this case here saying if even if the summary of rights under the Credit Reporting Act had been given to the plaintiff there's no injury that follows that relates to that conduct because Spokio of course requires an injury in fact and it also requires that the the challenge conduct has to be the cause of the alleged injury and so here the one named plaintiff as a criminal record revealed it said that and she actually provided false information to the employer here and said I've not been convicted and so the report comes back shows she has a by not waiting a certain amount of time to give her the opportunity to object. I guess it seems it seems to me that that's a that's sort of bleeding into the merits a little bit is it maybe in this particular case I think the plaintiff might have had an explanation for well you don't understand that was wasn't it she was released earlier there there may have be other things that she wanted to tell the employer and it may not be meritorious but I guess I'm struggling with the line between merits and standing on on that argument and so if we look just at the what is the alleged injury what is the alleged injury on that particular point is it a non-consensual it has to be a informational injury I think that's what the plaintiff calls it's an informational injury you didn't give me what I was yet but Spokio still says even if you got didn't receive exactly the information in the format that's required by the law you still have to show that you were injured by that and so she didn't get the job that but that's not an that's not an injury that's fairly traceable back to the defendants challenged conduct because the information is true and she wouldn't have started where there's no there's no even minor pay gap because actually the facts that were submitted to the district court were that she the company's set policy was to conduct the background check they don't know employees starts working until the information comes back so she not she didn't get the job but she would have never gotten the job even if the every I had been dotted in every T had been crossed I actually would like to reserve the rain remaining part of my argument for a rebuttal so very well thank you miss Brooks morning mr. Watkins Jason Watkins on behalf of plaintiff good morning your please support this matter was originally filed in the state court of Missouri the defendant removed it to the federal court parties and settled the back the defendant then filed but judge Lowry considered it will be one facial attack on the complaint therefore the plaintiffs averments in the complaint must be true and all reasonable inferences must be given to the plaintiff let me make clear the issue before the court today is not one of accuracy the consumer report that's what's Paquio in the Supreme Court that's not what's before the court today what's before the court the issues are one that she did not get the information required and two that her privacy was invaded I'd like to start off with the first issue which is the disclosure and it's not a format issue as the defendant the issue is she wasn't given a proper disclosure and she didn't authorize certain certain actions the defendant took the defendant will probably get up here and point to the very first sentence of this disclosure which is what was provided to the plaintiff and the very first sentence reads that the defendant will conduct a criminal background search now I would imagine we're going to go about halfway down the form and they're going to say that's where the authorization resides and I'll read the authorization says I authorized the company and its representatives to make an independent investigation of my criminal records that's what they're probably going to claim is the authorization when they get back up here both of these clauses fail to satisfy what the Congress created within the FCRA Judge Lowry who decided this case is held in the past there is a major difference in authorizing the procurement of a consumer report and authorizing the procurement of a criminal background check major difference a consumer report is a show you your criminal history it's going to show you your credit history your address history your education history did you file a bankruptcy do you use aliases you get to look at all that that is not the permission that was asked for by the defendant the defendant has to look only to the criminal background but that's not the actions they took if we'll take a look once again at the consumer report which under the joint appendix is page 106 you'll see that the consumer report consisted of four different components okay and I'm going to talk about each of them and I'm not going to put them in a particular order so I apologize what's what's the injury though that flew that flowed from that well and that's what I was going to get to your honor so if we look at the fourth component of the consumer report that's a national sex offender database that's not a criminal search that is a civil database and it provides information on people who are on the sex offender registry for issue marker was never never notified it was never disclosed to her that database would be searched she did not authorize the defendant to access that portion but again what's the injury that okay load from that the second part is if you'll look at the very fourth one or at the fourth one the locator okay the locator is a social security trace slash address history trace this is a portion the defendant access that it never asked her for permission to access it it never got asked me what's the injury exactly not just what the end what was pled as an injury that flowed from accessing that information it was pled that one that would never disclosed to her that they would get that information again and to it was pled that's an action was never authorized so she never gave them permission to get that for example let's step back here and I think it'll address what you're asking okay you're telling me the action but you're not telling me the injury a common law if a person set a foot on somebody else's see that as a trespass here we have intangible data floating around there and they've set foot on it I'll take it a little step further let's say the defendant asked to come to my farm and go mushroom hunt I'll say yeah go that's fine go find some mushrooms and then right now we're in deer season and I go out and I get my deer stand and lo and behold there they are with a doe down well there's a bunch of does on my property I'm not worried about it they didn't have permission to take that but I think what I think what you need to tell me is okay they didn't have permission to look at her financial background they found they and I we pled they found a bankruptcy they didn't hire me because of the bankruptcy now we've got an injury that flows from that information okay and what I what we have pled is that they looked into her address history they ran her social security number trace they didn't have permission to run those trace they didn't have permission to dig into her background and as this court was it further pled that based on something they found in an unauthorized area some harm came to your client your honor that was not pled isn't that isn't that what Spokio requires no I don't think that is what Spokio required how about our our case okay and I would point to this court's decision in the a circuit of Hagelin v. Aklan County there you have an unauthorized access into somebody's personal information and this court found that where an individual's control of information concerning her person is a privacy interest and that's what we're saying here she should have control of her personal interest that gets right to your injury you're speaking about your honor counts we understand that but why is that not it just a technical violation because she never permitted them to search that part of her personal history much as in Hagelin the law enforcement was never permitted to check into her driving record to get into her records here they were not permitted to get into her address history they never sought they never disclosed to her they would do that they never were authorized to do that so just as in Hagelin they were never authorized to get her personal information here they were never authorized to get her personal information they never disclosed to her never said hey we're gonna get this information from you which kind of brings me to the second claim we have here which your honor kind of spoke about and that's the adverse action in the state court we played four different things we played one that the defendant withdrew the offer of employment over the phone to that the adverse action was based on information contained in the consumer report three that it would be more than two weeks after the adverse action before she would actually receive a copy of the consumer report and for she was never given any opportunity to contest or explain the information in that regard had she been given notice and an opportunity to respond what explanation did miss Schumacher want to present that would be material to her disqualification for the job your honor to a certain extent you're asking me to kind of speculate and predict the future I don't know the actions they would have take but I could tell you miss Schumacher you know they would have been looking at a form and the form doesn't look good I'm not gonna sugarcoat it says that she was convicted of armed robbery she was convicted of murder she was sentenced to 35 years in prison that's what they're looking at what she would have told him though is listen I was a 17 year old girl I was going to a friend of mine to buy drugs with my mom's boyfriend and her brother my mom's boyfriend and her brother shot and killed that man they robbed him I had 35 years in prison my sentence was reduced down to 12.5 years and the reason it was reduced is because I was found to have a lack of involvement in that crime additionally she would have told him I'm a mother of four now I've been a successful business in the past and maybe even more key getting back to the defendants that she gave information that was false when she applied for the job she was told we're only going to go back seven years into your criminal history well this took place in 1996 2015 is when she applied she had no idea they would see this she thought she was truthfully filling out the form she thought it only went back seven years she hasn't violated the law since she's got out so that's the story she would have told him your honor she would have told him you know I was a young kid if you look at it I wasn't really involved in the crime that's what the court said when it reduced my sentence since then I've got out I misunderstood the application I went on what somebody told me it was only go to go back seven years I have no issues at seven years so that's what she would have told him your honor would that have changed the day I don't know but I think this court in the case of citizens telecommunication B FCC probably made a statement that applies but why she has standing today and this court there found where proper notice is not given and an opportunity to contest is lost you have a concrete harm and you have standing and that's what we have here today and further the third and the seventh circuits have both found where an employer fails to give takes an adverse action and fails to give a copy of the consumer report and an opportunity to contest or to explain that information in the consumer report you have concrete harm and you have standing in fact the Seventh Circuit went even farther and they kind of said something similar to what your honor I think was hitting at they said if you can allow a person to give a contextual explanation that may be almost as powerful as the accuracy of the consumer report and the further I've got a quote from the Seventh Circuit that I think goes to what your honor was getting at there they said that Robinson has not pleaded what she may have said if given the chance to respond or that she may not have convinced allied to honor its employment offer is immaterial to the substance of her interest in responding article three strictures are not met only when a plaintiff complains of being deprived of a benefit but they also are met when a plaintiff complains she was deprived of a chance to obtain the benefit is that the Robertson case that is the Robert is your honor and that's exactly address the Ninth Circuit's decision in the Duda versus State Farm and all of these cases were decided after briefing was completed in the right and so the Duda case your honor one we're on a motion to dismiss standard here Duda was on a summary judgment standard so we have completely different standards before the court both Robertson and the long case in front of the Third Circuit were on the same standards that this court has in front of it today they're a motion to dismiss standards but that would be the first thing I would say to I would say that there was an affidavit there that said we weren't gonna hire her no matter what but if you consider what that court held because they weren't gonna hire her no matter what the fact that she lost the opportunity doesn't matter that would conflict with what this court held in the citizens telecommunication case because this court here didn't say well you didn't give proper notice but you know what they were gonna change the law anyway so it doesn't matter no this court said hey you've got to give proper notice you at least got to give the opportunity to be heard and if you fail to do that we have a concrete harm and so that's what I'd ask this court once again to hold in this matter and do you agree that we well what's your position on the district courts view that standing at this point doesn't matter because of the conditional settlement you agree that that that this court or the district court does have to look at whether there was standing for the plaintiffs claims I have the utmost respect for Judge Lowry I don't think she got it right at the end of the day though that's the reason I'm up here telling you why we have standing on a disclosure form that didn't tell her exactly what they're gonna do and the fact that she never authorized them to get a certain portion of her snapshot of her life okay I think Judge Lowry was ruling right after Spokio came out I think if we would go stand in front of Judge Lowry again and give these exact same arguments we probably have a completely different outcome be honest your honor she was in a tough situation we were right after Spokio to be on so the honors I would ask you to take note of the fact at the end of the day we have employers who are handing a form and the form requires them to have a clear and conspicuous disclosure that consists solely of the disclosure and at most the authorization to ensure that the consumer fully understands the power that they are handing that employer let me ask you do you agree with Ms. Brooks that we should go and in the first instance decide the standing issue since the district court didn't I think that the standing issue has to be decided yes your honor should we do it in the first instance or should the district court your honor I think it can be done here I think if Judge Lowry has the opportunity she you know plaintiff really doesn't have a preference I think standing is evident no matter if we're in this court or in the district court if we go back down there and Judge Lowry does what I expect her to do with the case all that is currently out there the standing is found I imagine we will be right but I would tell you that this court has enough precedent out there between Hagelin and the citizens telecommunication case that standing is evident by this courts precedent as well and at the end of the day I'd ask this to find concrete harm has happened I allow this matter to proceed thank you thank you mr. Watkins I'd like to address so just a few few points that Jason made and ask answer any additional questions in the joint appendix is the authorization and he did one part about the authorization form but not the key part the authorization form at page 98 of the joint appendix said we have the intent utilize a third party to conduct criminal backgrounds in another part of the form she said I authorized the company and its representatives to make an independent investigation of my criminal record so even though miss mr. Driscoll asserts there's too much information in the form she consented it's clear in black and white and then that is exactly what the company did it went and got a criminal background report it used solely for the purposes that it said now there was some questions by Judge Graz about whether or not what she would have said well I maybe I'm confused I thought it was pled that the the the company obtained much more information than just a the criminal background check is in the record and the only substantive information that's in the report is a criminal background check are we limited to the pleadings here was this a 12b1 situation no it is not summary judgment yes it was it was factually it factually attacked but I don't believe it was pled any it wasn't there was no pleading on it which I guess I guess it wasn't decided so we really don't don't know what it the district court didn't decide the standing question so I we don't know whether it's a 12b1 or a summary judgment or how should we look at it I respectfully I think it should be decided as under summary judgment standard both parties had the opportunity in in submitted additional evidence outside of the pleadings as to what exactly was requested and what is it exactly was provided and when the decision was made and why the decision that was fully presented in the record but so on my point about what she would have said in response she signed her in her consent form that's in the joint appendix she wrote in her own handwriting that in response to a question have you ever been convicted of a felony she wrote no I was once arrested in 1996 at age 17 and then found guilt not guilty that was the driver for the decision because that's a false statement now because she was in fact found guilty so and the one last point I'd like to raise is in the joint appendix at page ja1 12 is the notice that the company sent to reissue marker after it had obtained the report and it clearly states if your background report it is required you inform us what's in seven days from your receipt of this letter she doesn't respond at all and of course we know why it's because there's nothing she can say they think that she was in fact convicted of it mr. Driscoll mentioned the heckling case which in his brief he describes as a and in that heckling case drivers record information which was confidential was obtained and then used so it was both private information and obtained without her consent and so the heckling decision was decided based upon those two points which is it becomes a it becomes a privacy issue because you never told them they were gathering this information and you did so without their we have do you consent to us obtaining a criminal background check in reality she consents by the documents in the record there's nothing the pleading that refutes that and the information that obtained is not private it's criminal background history which frankly could be found on the internet through the court system or through a instrument reporting agency there are no other questions thank you well thank you counsel we appreciate your arguments today the case is submitted and will be decided in due course